**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| TONY RIDEN, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:07-CV-134 (CDL) |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## **REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## **Legal Standard**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations pursuant to the authority provided by the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Issues

**I.** **Whether the ALJ erred in discounting the opinion of Claimant's treating physician?**

**II.** **Whether the ALJ erred in failing to find that Claimant met Listings 12.03 and 12.04?**

**III.** **Whether the ALJ erred in evaluating the Claimant's subjective allegations of pain?**

## Administrative Proceedings

Claimant filed for disability benefits on April 3, 2003. (R-11 p. 1). Claimant's

application was denied initially and on reconsideration. Claimant timely filed a request for a hearing before an administrative law judge (ALJ) which was ultimately held on September 28, 2005. (T-331-394 ). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated July 7, 2006. (T-18-25). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-3-5).

## Statement of Facts and Evidence

Claimant alleges in his disability application that he is disabled due to mental injury, a skin laceration and a foot problem. (T-18). After examining the medical records, the ALJ determined that Claimant had a back disorder, rule out borderline intellectual functioning, rule out schizophrenia and a personality disorder, impairments that were severe within the meaning of the Regulations, but not severe enough to meet any of the relevant Listings. (T-21). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform medium work. (T-22). The ALJ then utilized the testimony of a vocational expert to determine that Claimant could perform his past relevant work as a dishwasher, fast food cook and poultry worker. (T-24). For that reason, the ALJ found that Claimant was not disabled. (T-24-25).

## Discussion

**I.      Did the ALJ err in discounting the opinion of the Claimant's treating physician?**

Claimant first argues that the ALJ erred in disregarding the evidence provided by his treating sources without offering good cause for doing so. (R-11, p. 10). Claimant contends

that the ALJ relied on the opinion of the state agency's physician and psychologist and gave no explanation for giving less deference to the treatment notes provided by Advantage Behavioral Health Systems (ABHS). *Id.*

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating source's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id.*

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon; the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R.

§416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. 404.1527(a); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing. 20 C.F.R. §416.927(e)(1), (2)& (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. 404.1527(e); *see* SSR 96-5p.

The record reveals that the ALJ discussed Claimant's medical records, noting that his treatment at ABHS was sporadic. (T-24). The ALJ also noted that Claimant's records from ABHS failed to include opinions from any treating source regarding his mental capacity or limitations resulting therefrom. *Id.* The ALJ found that Claimant's medical record, his activities of daily living, and the findings of the consultative examiners, established that he could still perform work. Upon review of the entire record, the Commissioner appears to have applied the proper legal standard in discussing the treatment notes from ABHS. Because no opinions were expressed by any acceptable treating source, i.e. any physician or

psychologist, the ALJ could not have erred in failing to provide good cause for discounting said opinions. Furthermore, the treatment notes from ABHS do not reflect the severity Claimant alleges, and the other medical evidence of record does not support his contention. As such, no error is found in the ALJ's analysis of Claimant's treatment records from ABHS.

**II.     Did the ALJ err in failing to find that Claimant met Listings 12.03 and 12.04?**

Claimant also contends that the ALJ erred in not finding that Claimant met Listings 12.03 and 12.04 where he was diagnosed with a psychotic disorder, schizophrenia and/or schizoaffective disorder by every treatment provider and mental health evaluator he saw. (R-11, p. 12).

The Regulations state that to "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment. *Id.* The Eleventh Circuit Court of Appeals has held that diagnosis alone is insufficient to satisfy the requirements of any listing. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). In order to equal a Listing, the medical evidence must be at least equal in severity and duration to the listed findings. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987), *see also Bell v. Bowen*, 796 F.2d

1350, 1353 (11th Cir. 1986).

Listing 12.03, which deals with Schizophrenic, paranoid and other psychotic disorders, states that those disorders are "Characterized by the onset of psychotic features with deterioration from a previous level of functioning." 20 C.F.R., pt. 404, subpt. P, app. 1, § 12.03. Listing 12.03 requires that the Claimant meet subsections A and B or C. Claimant contends that he has met subsection A where he has experienced medically documented delusions or hallucinations and emotional withdrawal and/or isolations. (R-11, p. 13). Listing 12.04, the listing for Affective Disorders, is "Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." *Id.* at § 12.04. This Listing also requires that the Claimant meet subsections A and B or C. Claimant contends that he meets subsection A where he suffers from at least decreased energy, feelings of guilt or worthlessness, difficulty in concentrating and thoughts of suicide. (R-11, p. 15). Relevant to Claimant's case, both Listings also require Claimant to meet subsection B, where his mental impairment would result in at least two of the following:

   1. Marked restriction of activities of daily living; or
   2. Marked difficulties in maintaining social functioning; or
   3. Marked difficulties in maintaining concentration, persistence, or pace; or
   4. Repeated episodes of decompensation, each of extended duration

20 C.F.R. Petitioner 404, subpt. P, app. 1, § § 12.03(B) and 12.04(B).

Claimant contends that he meets the requirements of subsection B of both Listings where he has experienced marked difficulties in maintaining social functioning and

concentration as well as distractibility. (R-11, p. 13, 15). Claimant cites treatment notes from ABHS in support of his contention. (T-170-176, 180-188, 306, 307).

The Eleventh Circuit has repeatedly held that the Commissioner is required to consider all impairments and their effects when determining disability claims. *See, Davis v. Shalala* 985 F.2d 528, (11th Cir. 1993); *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). The Regulations state that if, at step two of the five step process of determining disability, it is found that a medically severe combination of impairments exists, the combined impact of the impairments will be considered throughout the disability determination process. *See* 20 C.F.R. § 416.923. Pursuant to 20 C.F.R. § 416.923, an ALJ is then required to consider each of the impairments in combination to determine their impact on the Claimant at all later stages in his determination.

In this case, the ALJ found that the Claimant had impairments which are considered severe for purposes of 20 C.F.R. § 404.1520(b). Based on his review of the medical record, the ALJ then determined, pursuant to the second criteria under mental impairment Listings 12.02 (Organic Mental Disorders, 12.03 (Schizophrenic, Paranoid and other Psychotic Disorders), and 12.08 (Personality Disorders) and 12.09 (Substance Addiction Disorders), as found in 20 C.F.R. § 416.920 (c), that Claimant did not have any marked limitations in the areas of daily living, concentration, persistence and pace, or maintaining social functioning. (T-21,22).

The Eleventh Circuit has held that an ALJ's statement that he considered the combined effects of the Claimant's impairments was enough to prove that he did, in fact, do

so. *Wheeler v. Heckler*, 784 F.2d 1073, 1077 (11th Cir. 1986); *Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991). Accordingly, the court finds that the ALJ applied the appropriate legal standard in determining whether Claimant's impairments met the relevant listings, and his decision is supported by substantial evidence.

### III. Did the ALJ err in evaluating the Claimant's subjective allegations of pain?

Claimant also contends that the ALJ erred in discounting his complaints of pain. (R-11, p. 15). He alleges, in particular, that the ALJ improperly determined that his complaints of leg and foot pain which interfered with his ability to work and failed to properly apply the pain standard as found in *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the

> intensity and persistence of your pain or other symptoms which
> may reasonably be accepted as consistent with the medical signs
> and laboratory findings), would lead to a conclusion that you are
> disabled.

In his Findings, the ALJ discussed Claimant's medical records and work history with regard to the Claimant's allegations of the severity, i.e. the "intensity, persistence and limiting effects" of his pain. (T-23). A review of the record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, and his functional limitations to find that his allegations of pain were generally credible, but that the medical evidence of record did not support the severity alleged. *Id*.

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." S.S.R. 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.*

The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*,

11

921 F.2d 1221, 1223 (11th Cir. 1991).

The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). Applying the *Holt* test to Claimant's pain allegations, the Court concludes that Claimant failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of his pain or that his medical condition was so severe as to reflect the alleged pain. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper standards and supported his credibility assessment with substantial evidence in the record.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contentions that the ALJ committed reversible error in this case. This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence. Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 18th day of November, 2008.

                              S/ G. MALLON FAIRCLOTH
                              UNITED STATES MAGISTRATE JUDGE

eSw